IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01760-GPG

RENY JESUS RIERA PAEZ,

        Petitioner,

v.

JUAN BALTAZAR, in his official capacity as
Warden of the Denver Contract Detention Facility;
GEORGE VALDEZ, in his official capacity as Field Office Director,
Denver Field Office of U.S. Immigration and Customs Enforcement;
TODD LYONS, in his official capacity as Acting Director of
U.S. Immigration and Customs Enforcement;
JOSEPH EDLOW, in his official capacity as Director of
U.S. Citizenship and Immigration Services;
MARKWAYNE MULLIN; in his official capacity as Secretary of the
U.S. Department of Homeland Security; and
TODD BLANCHE, in his official capacity as Acting
Attorney General of the United States,

        Respondents

---

## TEMPORARY RESTRAINING ORDER

---

Before the Court is a Petition for Writ of Habeas Corpus (Petition) (D. 1) and Petitioner-Plaintiff's Emergency Motion for A Temporary Restraining Order (Motion) (D. 3). The Court GRANTS IN PART the Motion (D. 3) as follows:

### I. FACTS

Petitioner is a native and citizen of Venezuela who made an appointment for inspection to enter the United States using CBP One, a mobile application and scheduling tool administered by

1

U.S. Customs and Border Protection (CBP) (D. 3 at 4).  Pursuant to his CBP One appointment, Petitioner presented himself for inspection at the El Paso, Texas, port of entry on November 15, 2024 (*id.*).  CBP officers inspected Petitioner and granted him humanitarian parole pursuant to "Section 212(d)(5) of the Immigration Act," codified at 8 U.S.C. § 1182(d)(5)(A) (*id.*).  While Petitioner was paroled, he relocated to Denver, obtained lawful employment, established residence, paid taxes, and built community ties in the United States (*id.*).  He committed no crimes and fully complied with the conditions of his parole (*id.*).

On April 11, 2025, the Department of Homeland Security (DHS) sent Petitioner an email entitled "Notice of Termination of Parole" purporting to terminate his parole and ordering him to depart the United States immediately (*id.* at 5).  In relevant part, the Termination Email stated:

> Notice of Termination of Parole
>
> It is time for you to leave the United States. You are currently here because the Department of Homeland Security (DHS) paroled you into the United States for a limited period. Pursuant to 8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. § 212.5(e), DHS is now exercising its discretion to terminate your parole. Unless it expires sooner, your parole will terminate 7 days from the date of this notice.
>
> \*\*\*
>
> Again, DHS is terminating your parole. Do not attempt to remain in the United States – the federal government will find you. Please depart the United States immediately.

(*id.*).

On December 24, 2025, U.S. Immigration and Customs Enforcement (ICE) arrested and detained Petitioner (*id.* at 6).  A later-filed I-213 lists only one administrative charge— "212a6A1—ALIEN PRESENT WITHOUT ADMISSION OR PAROLE" (*id.*).  Petitioner has now been in detention for four months (*id*).

2

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury."  Fed. R. Civ. P. 65(b)(1)(A).  The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held.  *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension").  *See* Fed. R. Civ. P. 65(b)(2).  Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

## III.  ANALYSIS

Petitioner has presented sufficient evidence to indicate that he has lawful parole status under 8 U.S.C. § 1182(d)(5)(A) and is thus not subject to detention under 8 U.S.C § 1225(b), and there is no indication of another basis for Petitioner's continued detention (*see* D. 3 at 9–11).

Petitioner has demonstrated that he is likely a member of the class certified in *Sileiri Doe v. United States Department of Homeland Security*, No. 1:25-cv-12245-ADB, 2026 WL 880442

3

(D. Mass. Mar. 31, 2026), and DHS is bound to restore his parole. On March 31, 2026, the United States District Court for the District of Massachusetts held that DHS's April 2025 mass termination of parole previous granted through the CBP One application was unlawful, vacated the unlawful termination of class member's parole statuses, and ordered DHS to return class members to the parole status that they held prior to the unlawful April 2025 mass termination. *Id*. The *Sileiri* court certified a nationwide class of individuals who "(i) scheduled their appointments for entry to the United States using the CBP One app; (ii) were paroled into the United States between May 16, 2023 and January 19, 2025; (iii) had their parole terminated in April 2025 pursuant to an email substantially similar to the one reproduced at paragraph 38 of the Complaint without any further explanation; and (iv) remain in the United States." *Id.* at *12.

Petitioner meets each of these requirements because he: (i) scheduled his appointment for entry to the United States using the CBP One app on October 27, 2024; (ii) was paroled into the United States upon entry at the Port of Entry Paso Del Norte at the Texas-Mexico border on November 15, 2024; (iii) had his parole terminated on April 18, 2025 pursuant to an April 11, 2025 email from U.S. Customs and Border Protection with the subject "Notice of Termination of Parole" that is identical to the email reproduced at paragraph 38 of the *Sileiri* Complaint, with no further explanation; and (iv) remains in the United States at the Denver Contract Detention Facility (Aurora) in Aurora, Colorado (D. 1 at 15).

Valid parole under § 1182(d)(5)(A) is a "temporary parole from § 1225(b) detention." *Jennings v. Rodriguez,* 583 U.S. 281, 283 (2018). Therefore, once an individual is paroled, they are released from the detention that § 1225(b) would otherwise require. *See id.*; 8 U.S.C. § 1182(d)(5)(A).

As a defendant in *Sileiri*, DHS is bound by that Court's judgment. Accordingly, good cause appears to require Respondents to show cause why Petitioner should not be released or granted other relief on the basis that revocation of his parole was unlawful and Respondents lack another basis for his detention.

## IV.  CONCLUSION

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or from the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

To the extent they have not yet done so, Petitioner's counsel is directed to (1) serve Respondents with a copy of the Petitioner and accompanying papers, along with a copy of this Order; and (2) promptly file proof of such service on the docket. Within seven (7) days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Petitioner may file a reply within seven (7) days thereafter.

DATED April 27, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge